

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KINGSPORT

| | | |
|---|---|---|
| **Eduardo Avila,** | ) | **Docket No. 2017-02-0141** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File Number 18030-2017** |
| | ) | |
| **TLG Motors, LLC,** | ) | |
| **Uninsured Employer.** | ) | **Judge Brian K. Addington** |

---

## EXPEDITED HEARING ORDER

---

This matter came before the undersigned Workers' Compensation Judge on August 2, 2017, upon Mr. Avila's Request for Expedited Hearing. The determinative legal issue is whether TLG Motors meets the statutory definition of an employer. For the reasons set forth below, the Court finds Mr. Avila is not likely to prove at a hearing on the merits that he worked for an "employer" as defined by the Workers' Compensation Law. Therefore, the Court denies his request for workers' compensation benefits at this time.

### History of Claim

Mr. Avila knew the owner of TLG Motors, Mr. Ted Georgio, through Mr. Georgio's mother, a restaurant owner. Mr. Avila normally worked for Ms. Georgio. When she could not provide him with work, Mr. Avila occasionally cleaned cars at TLG Motors.

Mr. Avila injured his right middle finger while cleaning cars at TLG Motors on August 16, 2014. He went to the hospital and later underwent surgery. Ms. Georgio paid for his surgery, but the initial treatment remains unpaid. Mr. Avila was unsatisfied with the results of the surgery and requested additional treatment, which Ms. Georgio denied.

Both Mr. Avila and Mr. Georgio testified that TLG Motors did not have five employees at the time of the injury. Based on Mr. Avila's testimony, TLG Motors

1

employed three persons. TLG did not have workers' compensation insurance in place on the date of injury. Bureau Compliance Specialist Rene Gallardo conducted an investigation and concluded that TLG Motors employed three employees.

During the hearing, Mr. Avila requested temporary total disability benefits but could not provide the exact dates for which the benefits were owed. He also requested payment of past medical benefits and a new physician to address his current complaints.

Mr. Georgio appeared without an attorney on behalf of TLG Motors. After he considered the option of proceeding with the hearing, or requesting a thirty-day recess to obtain representation, he elected to proceed. Because TLG Motors is a limited liability company, the Court did not allow Mr. Georgio to enter or object to exhibits, cross-examine witnesses, or make any argument on behalf of TLG Motors. The Court only allowed his testimony as a fact witness. Thus, TLG Motors presented no argument.

### Findings of Facts and Conclusions of Law

In this workers' compensation case, Mr. Avila has the burden to prove all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, Mr. Avila need not prove every element of his claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Workers' Compensation Law requires all "employers" to provide workers' compensation coverage for their "employees." *See* Tenn. Code Ann. § 50-6-405(a) (2016). According to Tennessee Code Annotated 50-6-102(12)(A) (2016), "an employee includes every person . . . in the service of an employer[.]" An employer is defined as "any individual . . . using the services of not less than five (5) persons for pay[.]" Tenn. Code Ann. § 50-6-102(13) (2016).

To succeed here, Mr. Avila must prove he was employed by an employer at the time of incident. Mr. Avila failed to prove that TLG Motors is an employer under the Workers' Compensation Law. The Court finds that TLG Motors had three employees, not the required minimum of five to mandate workers' compensation insurance coverage. Thus, it does not meet the statutory definition of employer.

For the above reasons, the Court finds Mr. Avila has not presented sufficient evidence that he is likely succeed in proving TLG Motors was a statutory employer. Therefore, the Court holds he is not entitled to the requested workers' compensation benefits at this time.

2

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Avila's claim against TLG Motors for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on September 26, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-543-5044 to participate in the Hearing.

3. Please Note: You must call in on the scheduled date and time to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are Eastern Time.

**ENTERED this the 3rd day of August, 2017.**


       __/s/Brian K. Addington_____
       **Judge Brian K. Addington**
       **Court of Workers' Compensation Claims**

## Appendix

Exhibits:
1. Jesus Barragano's Affidavit
2. Baltazar Ramierez's Affidavit
3. Susana Mancera's Affidavit
4. Expedited Request for Investigative Report of Rene Gallardo
5. Collective Exhibit-Medical Bills

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on August 3, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|------|------|------|------|
| Eduardo Avila | X | X | | 1200 Maryland Ave. Bristol, TN 37620 |
| TLG Motors, LLC | X | X | | 2121 Volunteer Parkway Bristol, TN 37620 |

/s/ Penny Shrum
**Penny Shrum, Clerk of the Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**